*law Revision*

IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                    )        CRIMINAL CASE NO. CF0460-12
                                       )
     vs.                               )
                                       )
                                       )
PRIMO C. DONGON,                       )        DECISION AND ORDER
                                       )
                         Defendant.    )
                                       )
                                       )

This matter came before the HONORABLE VERNON P. PEREZ on September 19, 2012. Attorney William B. Pole represented Defendant, who was present. Attorney Elizabeth S. Vasiliades appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant moved the Court to grant a Bill of Particulars and to dismiss the case due to a lack of probable cause. Defendant also filed a Motion to Suppress on August 29, 2012. Finally, Defendant asked this Court to compel the Government to comply with all outstanding discovery requests. All these issues are under advisement and the Court will now address all outstanding motions.

## DISCUSSION

### Motion to Dismiss

Defendant has filed separate motions for dismissal and for bill of particulars. The Court will address the Motion to Dismiss first as it seems prudent to do so to ensure an orderly discussion. Although the two motions are related, they are distinct enough to warrant individual consideration.

As the basis for Defendant's Motion to Dismiss, Defendant argues that there was no probable cause to charge Defendant with the crimes alleged. Based on the evidence available, Defendant contends there can be no probable cause to find the Defendant guilty of criminal sexual conduct or child abuse. Defendant further argues that the grand jury was not presented

with available exculpatory evidence. Defendant claims that the Victim was vague in her allegations and forgets relevant specifics about the incidents at question.

A felony prosecution requires an indictment based upon a probable cause determination by a grand jury. *People v. Villapando, et al.*, 1999 Guam 31. Determining "whether probable cause exists requires a 'practical, common-sense' decision based on the totality of the circumstances, including the veracity, basis of knowledge and reliability of the information provided by informants." *U.S. v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005) (citing *Illinois v. Gates*, 462 U.S. 213, 214 (1983)). Here, the indictment maintains ten different accounts of similar criminal activity. The Victim alleges that the Defendant touched her breasts on at least ten different occasions. The Court believes that multiple counts may be possible without overwhelming particularity, but a specific amount of counts as a guess by the Government does not allow for a proper Defense to be prepared. The Government was unable to obtain a specific amount of touching occurrences, as indicated by the "at least" language in the police report. A more reasonable number is two counts of the alleged criminal sexual conduct. There is enough evidence to support a probable cause showing for two counts to stand. Two counts represents the multiple touchings alleged by the Victim while allowing the Defendant to prepare a defense. The Court finds that sufficient probable cause exists for two of the ten counts of the first charge and the only count of the second charge to survive dismissal.

As to the Defendant's argument that the Government failed to present exculpatory evidence to the grand jury, the Court considered the effect of not telling the grand jury that the Victim was vague in her recollection of the events. The Court does not conclude that the grand jury must be told that a Victim's recollection was vague or that such information is exculpatory. A grand jury or any fact finder would be able to weight the credibility of a witness, even though hearsay, based on the surrounding information.

Defendant also argues that the testifying officer improperly vouched for the Victim's credibility by explaining that she seemed upset in recounting the alleged criminal activity. The Court concludes that a witness, or grand juror, does not need to hear testimony first hand to understand that someone was upset. Furthermore, a young child telling the police about

touching occurring to her private areas may be expected to be upset. The presence of tears would be sufficient to explain such conclusion of emotional impact. A government witness may explain that an alleged victim was upset while providing a statement without that description acting as a voucher of the victim's credibility. The Court agrees with the Defendant that the Government cannot vouch for its witnesses but disagrees with the Defendant that the Government vouched for the Victim before the grand jury. With all arguments considered, the Court will not grant dismissal as to all charges, but will grant the Motion in part.[1]

**Motion for Bill of Particulars**

The Court has already dismissed eight of the ten charges for lack of probable cause related to particularity of the indictment. After considering that this Court will dismiss all but two of the counts for the first charge, the Court will only consider granting a bill of particulars as it applies to the two remaining counts. Defendant argues that each count of the Indictment needs particularity. The Government responds to the Motion for Bill of Particulars with the same analysis used in opposition to Defendant's Motion to Dismiss. Essentially, the Government argues that the evidence is sufficient to support a probable cause showing for all charges and counts within the Indictment such that the Defendant's right to due process is not infringed.

The Court agrees with the Defendant that each count of any indictment should include some minimal specifics to that individual count. Yet, the Court does understand that with minor victims suffering from allegedly traumatic events, particularity may be hard to come by. Regardless, the Court concludes that the two remaining counts of Charge One do require additional particularity if it is possible. This finding does not presume that the charges should be dismissed in the event that additional particularity is impossible. The Court would like the Government to, at minimum, attempt to bring additional details to two of the alleged touchings

---

[1] The dismissal will be without prejudice.

in order to provide the Defendant with an opportunity to prepare a defense.[2] The Court finds that the facts are sufficiently specific as to Charge Two of the Indictment.

**Motion to Suppress**

Defendant argues that the Government failed to effectively provide the Defendant with the Miranda warnings by not informing Defendant he had the right to appointment of counsel. The Government opposes suppression by contending that the Defendant twice waived his rights before providing statements to the police.

The Constitution of the United States requires procedural protections for those suspected of criminal activity. *See Miranda v. Arizona*, 384 U.S. 436 (1966). The Government has a burden of proving a valid waiver of those protections by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986). Here, there was evidence of waiver presented by the Government through the testimony of Officer Munier. The issue before the Court regarding Defendant's Motion to Suppress is whether or not Officer's Munier's testimony is enough to show Defendant validly waived his right to counsel before providing statements to the police?

Officer Munier explained that he advised Defendant of his rights and that Defendant initialed the Custodial Interrogation form. *See* Testimony of Officer Munier on September 19, 2012. Defendant then asked for an attorney and the police handed Defendant a phonebook and he was allowed to use his cell phone. *Id.* After failing to find an attorney using the phonebook, Defendant agreed to continue with questioning. *Id.* Officer Munier then completed advising Defendant of his constitutional rights and interviewed the Defendant. *Id.*

Defendant argues that the handing of the phonebook implied that Defendant could not have representation by counsel in the event he could not afford a private attorney. Yet, the Defendant was told and read that he could have appointed counsel in the event he could not afford a private attorney when advised of his Miranda warnings. *See* Custodial Interrogation form signed by Defendant. At no point did the Government deny Defendant the right to

---

[2] The Court does not know what it will do, with regard to dismissal, in the event that additional particularity as to two counts of criminal sexual conduct is impossible. The Court may find that the current state of the facts is sufficient. Regardless, the Court believes that a fresh attempt at procuring additional details is warranted.

counsel. On the contrary, the police appear to have attempted to facilitate acquisition of private counsel by handing Defendant a phonebook and allowing him to use his cellphone. The Court finds that the facts surrounding Defendant's request for an attorney to be significant evidence to his adequate understanding of his right to counsel. After a failed attempt to contact an attorney he previously knew by name, Defendant waived any request to have an attorney present and retract his objection to the interview. The Court finds that Officer Munier's testimony, coinciding with signed Custodial Interrogation form, meets the Government's burden, via a preponderance of the evidence, to show a valid waiver.[3]

Defendant also makes an argument that Defendant was deprived of his eye glasses and was unable to read the Custodial Interrogation form. The Court finds this argument unpersuasive as the Court reviewed the Defendant's handwriting in his written statement to the police and reasonably concludes that only a person with sufficient vision would be able to write such an orderly and well organized statement. The Court is convinced that Defendant understood his rights and was not confused by the act of Officer Munier handing Defendant a phonebook in response to his request for an attorney as it was the Defendant who desired to contact a specific private attorney. Defendant was able to read his rights before signing the form and providing statements. At a minimum, Defendant was able to listen to Officer Munier read the rights to him. The Court will not suppress statements made by the Defendant to the police.

## Motion to Compel Discovery

Defendant is still waiting for various police and CPS reports. The Government responded that it will do its best to comply with all discovery and will not turn over anything it is not permitted to under the rules or that does not exist. The Court agrees with the Defendant that the requested items are discoverable. This Court and the Parties addressed the discovery issue previously and the Court hopes all discovery issues have been resolved. The Court will not allow use of those identified reports at trial without Defendant being granted the opportunity

---

[3] The Court acknowledges that Defendant testified in contradiction of many of the facts represented by Officer Munier. Yet, the Court continues to find that, by a preponderance of the evidence, the Government has shown a valid waiver by Defendant of his constitutional rights to silence and counsel.

to review them in a timely fashion. As to the police reports relating to CF475-12, the Court finds the case to be relevant as that case involves the older sister of the alleged victim in this matter. Depending on the facts of CF475-12, the Court views the police report as relevant to assist in the preparation of a defense for the Defendant in this matter.[4]

As to the CPS reports, the Court is in receipt of CPS reports for in-camera review as of October 5, 2012. The Court has reviewed the documents and Defendant will be granted an opportunity to review them in-camera. The Court deems them to be improper for distribution due to the sensitive minor relevant information. After the Defense has reviewed the materials in-camera, the Court and both Parties will determine what may be admissible and what redactions need to be made. The Parties will discuss the scheduling and any issues created from the CPS reports at future hearings. For all other reports in possession of the Government yet to be turned over to the Defendant, the Court grants Defendant's Motion to Compel Discovery.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, in part, Defendant's Motion to Dismiss as it applies to Counts Three through Ten of Charge One, DENIES, in part, Defendant's Motion to Dismiss as it applies to Charge Two and Counts One and Two of Charge One, GRANTS Defendant's Motion for Bill of Particulars, DENIES Defendant's Motion to Suppress and GRANTS Defendant's Motion to Compel Discovery. A Criminal Trial Setting is scheduled in this case for January 15, 2013 at 9:00a.m..

So **ORDERED** this ____ day of December, 2012.

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the Office of the
Clerk of the Superior Court of Guam.
Dated at Hagatna, Guam.

DEC 1 7 2012

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

---

[4] The Court understands the implication of the referenced criminal file. Depending on the facts of CF475-12, Defendant in this case may have, however unlikely, been mistaken for the person that allegedly touched the Victim's older sister inappropriately.